**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Savannah, Georgia
By ledenfield at 1:31 pm, Aug 13, 2012

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 7 Case |
| JACKIE LEE STEVENS ) | |
| ) | Number <u>07-40790</u> |
| *Debtor* ) | |

## OPINION AND ORDER ON MOTION TO DISMISS

### FINDINGS OF FACT

Debtor's case was filed on May 31, 2007, under Chapter 13 and converted to Chapter 7 on April 20, 2012. On May 24, 2012, Rex Simmons filed a Motion "objecting to Defendants filing for Chapter 7 bankruptcy [sic]." Dckt. No. 86. Simmons filed the Motion *pro se*, and the Court reviewed it and conducted a hearing on that Motion on June 25, 2012.

The facts revealed that on October 11, 2010, Simmons was riding a bicycle on Highway 21 in Garden City, Georgia, when he was struck by a vehicle operated by the Debtor, Jackie Lee Stevens. Simmons suffered catastrophic injuries rendering him permanently disabled. Stevens's insurer offered $25,000.00 in settlement of the claim, but Simmons, who has incurred over $300,000.00 in ongoing medical expenses, refused to settle. Simmons has filed a civil action in the Superior Court of Chatham County, Georgia, alleging bad faith refusal to settle. Simmons's Motion states that that case is still pending and is in

discovery as of May 22, 2012. The Court inquired of Mr. Simmons whether he had consulted counsel and it appears that he discussed possible representation with an attorney but has proceeded in the personal injury matter, as in this bankruptcy case, *pro se*. He now requests that the Court dismiss Debtor's Chapter 7 bankruptcy.

At the hearing, Debtor's counsel argued that there are no grounds for dismissal of the Chapter 7 case and argued, to the extent it was relevant, that there were no applicable provisions of the Bankruptcy Code that would except from discharge the claim for damages suffered by Simmons.

Simmons disputed the proffer by Debtor's counsel that the collision took place after dark at 9:05 p.m., on October 11, 2010, and that he was cited for not having required lights or reflectors on his bicycle when it was struck by the Debtor. The Court left the record open for the parties to submit any additional arguments or evidence, and each side has supplemented the record. Dckt. Nos. 103, 105. In particular, the police report has been filed and shows that the incident did occur in October at about 9:00 o'clock p.m., that Simmons was at fault "for not having lighting equipment on his vehicle", and that Simmons was "cited accordingly."

## CONCLUSIONS OF LAW

11 U.S.C. § 707 governs dismissal of Chapter 7 cases. A court may dismiss a Chapter 7 case after notice and a hearing and only for cause. 11 U.S.C. § 707(a). Whether

AO 72A
(Rev. 8/82)

2

cause for dismissal exists is a matter within the sound discretion of the bankruptcy court, and "the court must balance the equities and consider the benefits and prejudice of dismissal." *In re* Anderson, 373 B.R. 781, 783 (Bankr. S.D. Ga. 2006) (Davis, J.) (quoting Turner v. Johnson (*In re* Johnson), 318 B.R. 907, 912 (Bankr. N.D. Ga. 2005)). The burden of showing cause is on the moving party. Dionne v. Simmons (*In re* Simmons), 200 F. 3d 738, 743 (11th Cir. 2000). Mr. Simmons argues that Debtor's alleged violation of a traffic law, resulting in Mr. Simmons's severe injuries, provides cause for dismissal here. *See* Supplement to Motion to Dismiss, Dckt. No. 105.

Based on the conclusions by the investigating officer in the police report, I agree with the Debtor that there is no evidence of bad faith on the part of the Debtor or other "cause" that would justify a dismissal of the Chapter 7 case. Further, there is no proceeding before the Court to deny a discharge to the Debtor, and if the Debtor is otherwise entitled to obtain a Chapter 7 discharge, the discharge will relieve the Debtor of any personal liability for damages arising out of this tragic incident for the injuries suffered and still afflicting Mr. Simmons.

That is not to say, however, that the personal injury case which Mr. Simmons has filed cannot proceed. To the extent he can prove liability for which insurance would be responsible to pay the award, he is free to pursue that remedy. However, he cannot collect any award from Debtor personally. *See* Karp v. R.J. Groover Constr., LLC (*In re* R.J. Groover Constr., LLC), 411 B.R. 460, 465 (Bankr. S.D. Ga. 2008) (Davis, J.) (granting

AO 72A
(Rev. 8/82)

3

motion for relief from stay to allow pursuit of state court action against debtors where the possible recovery would be limited to the available insurance proceeds).

I therefore deny the Motion to Dismiss, but rule that the personal injury case filed by Simmons against the Debtor is allowed to proceed in the Superior Court of Chatham County, Georgia to the extent of any applicable insurance policy insuring the Debtor, but excluding any efforts to collect separately from the Debtor personally, which would be in violation of the automatic stay of 11 U.S.C. § 362.

## ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the Motion to Dismiss is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 10th day of August, 2012.